U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED
OCT 0 2 2006
ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| TERRANCE COTRELL ROBINSON | CIVIL ACTION NO 06-0743; SEC. "P" |
| VERSUS | JUDGE DRELL |
| RAPIDES PARISH DETENTION CENTER, ET AL. | MAGISTRATE JUDGE KIRK |

## REPORT AND RECOMMENDATION

Before the court is a civil rights (42 U.S.C. § 1983) complaint filed *in forma pauperis* on May 2, 2006, by *pro se* plaintiff Terrance Cotrell Robinson. Plaintiff is a pretrial detainee at the Rapides Parish Detention Center 1 ("DC-1) in Alexandria, Louisiana. [Doc. #1] He complains that Defendants Warden Vernon Creecy and Sheriff William Earl Hilton denied Plaintiff access to the courts in violation of his right to due process as guaranteed by the Fourteenth Amendment. The plaintiff is seeking injunctive relief in the form of an order granting him access to the law library, and asks that filing fees and costs be assessed against the defendants.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court.

### STATEMENT OF THE CASE

In his complaint, Plaintiff alleges that on several occasions from March 14, 2006 through April 5, 2006, he submitted request forms to the warden asking for access to the law library, but that each request was denied or ignored. Plaintiff claims that he cannot assist in his defense without being able to access the law library. He also states that the Ninth Judicial District Court filled out an application for appointed counsel and ordered him to have court appointed counsel because he

misfiled a motion. [Doc. #5, p.2.]

## LAW AND ANALYSIS

1. Frivolity Review

When a prisoner is allowed to litigate a civil rights complaint *in forma pauperis,* the district court is obligated to dismiss the case at any time if it determines that the complaint is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C.A. § 1915(e)(2)(B). A claim is frivolous if it has no arguable basis in law or fact. *Nietzke v. Williams,* 490 U.S. 319 (1989).

While district courts are required to construe *in forma pauperis* complaints liberally, particularly in the context of dismissals under § 1915(e)(2)(B), they are, nonetheless, given broad discretion in determining when such complaints are frivolous. *Macias v. Raul A. (Unknown) Badge No. 153,* 23 F.3d 94, 97 (5th Cir.1994). A complaint may not be dismissed under § 1915(d)(2)(B) "simply because the court finds the plaintiff's allegations unlikely." *Jolly v. Klein,* 923 F.Supp. 931, 942-43 (S.D.Tex.1996). A civil rights plaintiff must support his claim(s) with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Schultea v. Wood,* 47 F.3d 1427, 1433 (5th Cir.1995). Nevertheless, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153,* 23 F.3d at 97.

2. Access to the Courts

In his complaint, Plaintiff articulated his claim as follows: "Without access to the law library my chance of being a viable participant in my own defense is severely being maliciously hampered...." [Doc. 1, p. 4] It has long been recognized that prisoners generally enjoy the

constitutional right of access to the court. *See Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir.1999); *Bounds v. Smith*, 430 U.S. 817 (1977); *Johnson v. Avery*, 393 U.S. 483 (1969). However, that right is not unlimited and includes "only a reasonable opportunity to file nonfrivolous legal claims challenging [the prisoners'] convictions or conditions of confinement." *Id.* (citing *Lewis v. Casey*, 518 U.S. 343, 351 (1996)). Moreover, to prevail on an access to courts claim, a prisoner must demonstrate that he has suffered "an actual injury" stemming from the alleged defendants' unconstitutional conduct. *Chriceol v. Phillips*, 169 F.3d 313, 317 (5th Cir.1999); *Ruiz v. United States*, 160 F.3d 273, 275 (5th Cir.1998).

At the time of the events complained of, Plaintiff was a pre-trial detainee awaiting trial in the state district court. Plaintiff claims that he needs access to a law library in order to assist in his defense. However, according to the plaintiff, the court has appointed counsel to represent him in the criminal matter. When a criminal defendant is represented by counsel, he has no constitutional right of access to a law library in connection with his criminal proceedings. *See Caraballo v. Federal Bureau of Prisons*, 124 Fed. Appx. 284, 285 (5th Cir.2005) (federal inmate who had court-appointed counsel on direct appeal had no constitutional right of access to a law library in preparing his defense); *Gordon v. Police Jury of Jefferson Davis Parish*, 2001 WL 1468183, *1 (5th Cir.2001) (unpublished per curiam) (state inmate who was represented by counsel in criminal proceeding was not entitled to relief on claim that he did not have access to law library); *Tamez v. Nueces County Jail*, 2006 WL 2583376, *2 (N.D.Tex. 2006). Furthermore, in *Degrate v. Godwin*, 84 F.3d 768, 769 (5th Cir.1996) the Fifth Circuit held that an inmate who rejected the assistance of his court-appointed attorney "had no constitutional right to access a law library in preparing the *pro-se* defense of his

criminal trial."[1]

In other words, providing legal counsel is a constitutionally acceptable alternative to a prisoner's demand to access a law library. See *Lewis v. Casey*, 518 U.S. 343, 350-51 (1996) (relying on *Bounds v. Smith*, 430 U.S. at 830); *Love*, 776 F.2d at 914. Thus, while prisoners like the plaintiff have a right to adequate, effective and meaningful access to the courts, access to a law library is only one of many constitutionally acceptable methods used to assure meaningful access to the courts. *See U.S. v. Taylor*, 183 F.3d 1199 (10th Cir.1999), *cert. denied* 28 U.S. 904 (1999).

For the forgoing reasons, Plaintiff fails to state a claim for which relief may be granted. His access to the courts claim has no arguable basis in law since it is based on an indisputably meritless legal theory and "...alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir.1998).

Accordingly, **IT IS RECOMMENDED** that Plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous, and for failing to state a claim on which relief may be granted, pursuant to the provisions of 28 U.S.C.1915(e)(2).

---

[1] These holdings are in accord with cases from other federal circuits. See *United States v. Smith*, 907 F.2d 42, 45 (6th Cir.) (the state does not have to provide access to a law library to defendants who wish to represent themselves), *cert. denied*, 498 U.S. 986, 111 S.Ct. 521, 112 L.Ed.2d 533 (1990); *United States ex rel George v. Lane*, 718 F.2d 226, 233 (7th Cir.1983) (the state was not required to offer a defendant law library access once it offered the defendant assistance of counsel); *United States v. Wilson*, 690 F.2d 1267, 1271 (9th Cir.1982) (a prisoner's Sixth Amendment right to self-representation does not include a right to conduct research at the government's expense), *cert. denied*, 464 U.S. 867, 104 S.Ct. 205, 78 L.Ed.2d 178 (1983); *Kelsey v. State of Minn.*, 622 F.2d 956, 958 (8th Cir.1980) (holding that prisoner's constitutional right of access to courts did not obligate officials to provide him with an adequate law library where alternative means of satisfying access to courts were available); *United States v. Chatman*, 584 F.2d 1358, 1360 (4th Cir.1978) (obligation to provide access to the courts was satisfied by offering the defendant the assistance of counsel); *Love v. Summit County*, 776 F.2d 908, 912-13 (10th Cir.1985), *cert. denied* 479 U.S. 814, 107 S.Ct. 66, 93 L.Ed.2d 25 (1986), (determining pretrial detainee is not entitled to access to a law library if other available means to access the court exist) (quoting *Bounds v. Smith*, 430 U.S. 817, 830, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977)).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** See *Douglas v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers at Alexandria, Louisiana, this _____ day of _____, 2006.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE